Western Dist.
*September*, 1840.

BRENT, AGENT,
ETC.
*vs.*
CHEEVERS.

---

## BRENT, AGENT, &C. *vs.* CHEEVERS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE SEVENTH PRESIDING.

A judgment of the Probate Court, unappealed from, appointing the plaintiff agent, with power to collect the debts of a partnership firm, is full authority for him to sue and recover all accounts and debts due the firm.

The authority of a judgment of court, cannot be inquired into collaterally.

This is an action for the amount of certain sales of merchandize to the defendant, by order of Court of Probates.

WESTERN DIST.
September, 1840.

BRENT, AGENT,
ETC.
vs.
CHEEVERS.

The plaintiff alleges, that he is the agent and administrator of the late commercial firm of M'Laughlin & Co., of the parish of St. Martin, and that the defendant is indebted to said firm in the sum of four hundred and forty-two dollars and eighty-eight cents, for goods and merchandize sold and delivered to him ; and for which he prays judgment.

The defendant excepted to answering the petition, on the ground that Brent, who sues as agent, does not show any authority or power to sue as such, and has not filed any act or power of attorney by which he was created agent; and that he is not agent or administrator of said estate or firm. He prays that the suit be dismissed.

The plaintiff produced a judgment of the Probate Court ordering a sale of the property belonging to the late firm of M'Laughlin & Co., and appointing him the agent to collect all the debts, with power to liquidate all the concerns of said firm. This order and judgment was rendered on the petition of the curator of Hugh M'Laughlin, deceased, late one of the firm.

The district judge gave judgment for the defendant, sustaining the exceptions and dismissing the suit. The plaintiff appealed.

*Morse*, for the plaintiff, insisted on the reversal of the judgment.

1. He contended that the court erred grossly in dismissing the suit, because the agency of the plaintiff is established by a judgment of the Court of Probates, in a suit to which the defendant was a party, and which is unappealed from or set aside, for any of the causes mentioned in the 556th article of the Code of Practice.

2. The account on which the suit was brought, is for goods purchased at a sale made by order of the Court of Probates, and the District Court has no right to examine into their judgment collaterally, but only on appeal, when the case is within their jurisdiction.

*Splane*, for the defendant, urged that this action could not be maintained.

Western Dist.
September, 1840.

BRENT, AGENT,
ETC.
vs.
CHEEVERS.

1. Because the judge of the Court of Probates had no power, in the suit of the curator of the succession of a deceased partner against the surviving partners, to appoint an agent to represent the surviving partners and the succession of the deceased.

2. Defendant is one of the surviving partners of the firm of M'Laughlin & Co., and could not be sued until the partnership affairs were finally settled.

3. The plaintiff had no power to sue as administrator or agent, not having been legally appointed to act in either of those capacities.

*Simon, J.,* delivered the opinion of the court.

Plaintiff sues as agent of a late commercial firm, whereof defendant was formerly a member, and seeks to recover the amount of sundry goods and wares purchased by defendant, at the sale of the property of the firm ; which sale, in consequence of the death of one of the partners, had been ordered by the Court of Probates. Defendant specially denied the plaintiff's alleged agency, and objected answering to the merits. The district judge sustained the exceptions, dismissed the suit, and gave judgment against plaintiff for costs, from which judgment this appeal has been taken.

We are at a loss to conceive how the judge *a quo* could come to the conclusion that plaintiff's agency was not sufficiently established. In support of his alleged right to sue, they produced in evidence a copy of a judgment of the Court of Probates, rendered contradictorily between the curator of the deceased partner's estate and the other members of the firm, which judgment, after ordering the sale of the property of the partnership, and fixing the terms thereof, decrees further, *at the request and by consent of parties*, that the plaintiff in this suit " be appointed agent to collect all the debts and to have all necessary power and authority to liquidate the concerns of the firm." This judgment stands unappealed from ; the time for appealing had expired before the institution of this suit, and there is no pretense that it has ever been set aside in any of the modes pointed out by law. This

WESTERN DIST.
September, 1840.

court has repeatedly held that such judgment cannot be inquired into collaterally, and we are of opinion that the plaintiff has sufficiently proven his right to sue, as agent, and that the district judge erred in not overruling the defendant's exceptions.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed ; that the defendant's exceptions be overruled, and that this case be remanded for further proceedings, the defendant and appellee paying costs in this court.